**UNITED STATES, Plaintiff,**

v.

**OPEN ACCESS TECHNOLOGY INTERNATIONAL, INC., Defendant.**

**Misc. File No. 07–33 (MJD/SRN).**

United States District Court, D. Minnesota.

Dec. 20, 2007.

Roylene A. Champeaux, Assistant United States Attorney, Minneapolis, MN, Counsel for Plaintiff.

No appearance on behalf of Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER

MICHAEL J. DAVIS, District Judge.

### I. INTRODUCTION

This matter came on for hearing before the Court on December 12, 2007, pursuant to an order directing Defendant Open Access Technology International, Inc. to show cause why it should not be held in contempt for failing to comply with the Court's Order of July 20, 2007 in which Defendant was compelled to obey the IRS Summons dated December 5, 2006. Defendant did not appear.

### II. FACTUAL BACKGROUND

On April 16, 2007, Plaintiff the United States filed a Petition to Enforce Internal Revenue Service Summons dated December 5, 2006, against Defendant Open Access Technology International, Inc. ("OATI"). [Docket No. 1] On April 17, 2007, Magistrate Judge Nelson issued an Order to Show Cause ordering OATI to appear before the Court and show cause why it should not be compelled to comply with the IRS Summons. [Docket No. 3] OATI filed no response and failed to appear before the Court.

On June 22, 2007, Magistrate Judge Nelson issued a Report and Recommendation recommending that the Court order OATI to comply with the Summons. [Docket No. 6] No objections to the Report and Recommendation were filed, and, on July 20, 2007, this Court adopted the Report and Recommendation. [Docket No. 7]

The Court's July 20 Order required OATI to obey the Summons, produce all required records by August 20, 2007, and appear to give testimony and records concerning OATI's federal tax liabilities for the years 2002 through 2005.

On October 29, the United States filed an Application for Order to Show Cause for Contempt. [Docket No. 8] The United States provided evidence that OATI has not complied with the Court's July 20 Order. (Mentz Aff.¶¶ 9–10 [Docket No. 9]) The United States provided evidence that OATI provided approximately 25% of the cancelled checks and deposit slips for the tax years requested and some, but not all, of the records related to leased employees

for tax years 2002, 2003, and 2004. (*Id.* ¶ 10.) The United States provided evidence that the majority of information requested through the Summons has not been provided. (*Id.*)

On October 29, 2007, this Court entered an Order to Show Cause for Contempt. [Docket No. 11] The Court ordered OATI to appear before the Court on December 12, 2007, at 9:00 a.m. to show cause why OATI should not be held in contempt for failing to comply the Court's July 20, 2007 Order.

The United States has mailed copies of its Application for Order to Show Cause for Contempt, Declaration of Gary Mentz, and the Court's October 29 Order, each of which informed OATI of the existence and contents of the Court's July 20, 2007 Order, to Mary E. Brown, Vice President of OATI. [Docket No. 12]

OATI has never made an appearance in this case and failed to appear for the December 12, 2007 hearing.

## III. DISCUSSION

Based upon the presentation of counsel and the evidence in the record, the Court makes the following findings of fact and conclusions of law. To the extent that findings of fact may be considered conclusions of law, they will be deemed conclusions of law. Similarly, to the extent that matters expressed as conclusions of law may be considered findings of act, they will be deemed findings of fact.

### 1. Findings of Fact

The Court makes the following findings of fact by clear and convincing evidence:

This Court's Order dated July 20, 2007 [Docket No. 7] is a lawful and reasonably specific court order. OATI had notice of the Court's July 20, 2007 Order.

Despite the clear requirement of the Court's July 20, 2007 Order, OATI has failed to comply with the IRS summons

and failed to appear for examination and provide the requested records as set forth in the summons. OATI has not shown that it was unable to comply with the Court's July 20, 2007 Order.

### 2. Conclusions of Law

■ In a civil contempt proceeding, the moving party must prove, by clear and convincing evidence, that the person allegedly in contempt violated the court's order. *Chicago Truck Drivers v. Bhd. Labor Leasing,* 207 F.3d 500, 505 (8th Cir.2000). "However, the moving party does not need to show that the violation of the court's order was willful." *Faegre & Benson, LLP v. Purdy,* 367 F.Supp.2d 1238, 1243 (D.Minn.2005) (citations omitted).

■ Once the moving party has met its burden, the burden shifts to the nonmoving party to show inability to comply. *Chicago Truck Drivers,* 207 F.3d at 505. To demonstrate inability to comply, nonmoving parties must establish "(1) that they were unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made, in good faith all reasonable efforts to comply." *United States v. Santee Sioux Tribe of Neb.,* 254 F.3d 728, 736 (8th Cir.2001) (citation omitted).

■ "Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers,* 207 F.3d at 505. The Court may levy a fine against the party in contempt, which is payable to the moving party or to the Court, or may order imprisonment. *Id.* The Court may also award attorney's fees and other costs incurred in prosecuting the contempt motion to the moving party. *See Kehm v. Procter & Gamble Mfg. Co.,* 724 F.2d 630, 630–31 (8th Cir.1984) (per curi-

um) (affirming award of $10,000 in attorney's fees for litigating contempt motion).

■ Based on the above findings of fact and conclusions of law, the Court finds OATI in civil contempt and orders it to pay five thousand dollars ($5,000) per day until it complies with the Court's July 20, 2007 Order [Docket No. 7].

■ This fine is coercive in purpose. Thus, "the court has broad discretion to design a remedy that will bring about compliance." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys.*, 369 F.3d 645, 657 (2d Cir.2004) (citation omitted). The Court takes into consideration "the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about [compliance], and the contemnor's ability to pay." *Id.* (citations omitted). In this case, a fine of $5,000 per day is appropriate because OATI has repeatedly flouted this Court's orders over the course of the past year, and, before that, repeatedly flouted the IRS Summons. *See United States v. Darwin Const. Co., Inc.*, 873 F.2d 750, 756–57 (4th Cir.1989) (holding civil contempt fine of $5,000 per day for failure to comply with court order to obey IRS summons was permissible). The prospect of a large fine is necessary to prod this recalcitrant defendant into compliance, particularly in light of OATI's large financial resources. OATI is a corporation with multi-million dollar profits, 200 employees, and millions of dollars in the bank. (See Second Mentz Aff. ¶¶ 3–12.) It is a sophisticated defendant that provides internet-based services to approximately 95% of the wholesale energy market participants in North America. (*Id.* ¶ 3.) A lesser fine would not give such an uncooperative and multi-million dollar corporation incentive to comply with the Court's order. OATI can easily pay this fine. The amount of the fine is within its control. Additionally, the potential harm caused by OATI's failure to comply is great. Because it has failed to comply with IRS Summons, the Court is unable to determine whether it owes taxes or the magnitude of the taxes that it owes. However, OATI's unpaid liability is potentially large.

**IT IS HEREBY ORDERED:**

1. Open Access Technology International, Inc. is found in civil Contempt of Court for its failure to obey this Court's Order of July 20, 2007.

2. Open Access Technology International, Inc. shall be fined the sum of $5,000 per day, starting with today's date, until such time as Open Access Technology International, Inc. complies in full with this Court's Order of July 20, 2007 and purges itself of the contempt.